## Commonweath ex rel. v. Kent

*Knight, Taggart & Klein,* for relator; *Ralph L. Belford,* for defendant.

LLOYD, J., November 30, 1931.—This is a contest between the mother and paternal grandmother for the custody of Fred P. Kent, Jr., a minor son, born September 22, 1923. The parents of this minor became estranged, and separated about July 15, 1929. Since then they have been living apart and have not resumed the marital relation. Upon the said separation, the mother, Della C. Kent, had custody of the said minor at Harrisburg, Pa., which she retained until about the middle of April, 1930, when she left to enter a sanitarium at Hamburg, Pa., for treatment for tuberculosis. She had no home to which the minor could be taken, and the father then took him to the home of the paternal grandmother in Milton, Pa., where he has continuously resided to the present time. It does not definitely appear whether such taking was with the consent or upon the request of the mother, but in any event the arrangements seem to have been quite satisfactory, at least there is no complaint about that. The father, on August 26, 1930, also entered the United States Veterans' Bureau at Aspinwall, Pa., for treatment for tuberculosis, and is still an inmate of said institution with but slight chances for discharge therefrom. The mother was discharged from the sanitarium on November 16, 1930, with instructions that she "should not take the child until she had worked six months." Her petition for the present writ was presented on July 24, 1931.

There is no question concerning the moral fitness or present financial ability of the mother, Della C. Kent, to properly care for the said minor. Neither is there any concerning the paternal grandmother. Ordinarily, upon this showing, the preference should be given to the mother, but these considerations alone do not control. "The cardinal consideration is ever the welfare of the child, which includes its physical, intellectual, moral and spiritual well-being. To this the rights of parents and all other considerations are subordinate:" Com. ex rel. *v.* Daven et al., 298 Pa. 416, 419. The precise question before us is whether a transfer of the custody of the said minor from the paternal

grandmother to the mother would be prejudicial to the physical welfare of said minor. The medical testimony is all-important to a decision. Dr. John W. MacMullen of the Harrisburg Clinic testified on behalf of the petitioner that at the present time Della C. Kent does not have active tuberculosis, that in his opinion her case is "apparently arrested;" that sufficient time had not elapsed since she left the sanitarium to be "cured;" Dr. C. E. Irvin, of the Medical Department of the Geisinger Hospital, basing his conclusions on the tests made as described by Dr. MacMullen, testified as follows:

"A. It is my opinion that it is a little early to state with absolute certainty that there is no danger of this child contracting a tuberculous infection from his mother. A positive sputum was obtained, as I understand from Dr. MacMullen's testimony, as late as April, 1930—about eighteen months ago—and if I were counseling this family, that is, aside from all sentimental feeling about having the mother with her child, I would suggest that they allow more time to elapse before closing this question finally. Eighteen months is a short time in tuberculous infections, and my personal feeling is, that we should not reach a final conclusion about the matter so soon."

He also stated that children of the age of eight years "contract tuberculosis with a bit of ease." Under cross-examination, he also testified that "You don't know how soon this patient might go to work and break down again; that she surely now has the infection." This testimony is, at least, persuasive of the fact that to presently place the said minor in constant association with his mother would be attended with the dangers of infection, howsoever precautious the parties may be. At best, a present transfer is of doubtful expediency. The matter is altogether too important for experiment. The doubt should be resolved in favor of the future welfare of the minor. We, therefore, conclude that this future welfare will be best conserved by permitting him to remain in the custody of his paternal grandmother until such time as it may more certainly and convincingly appear that the dangers of infection are past. Viewed in the light of the opinions of the doctors, the present petition would seem to be premature.

We are not to be understood as meaning that while the said minor should be permitted to remain in the custody of his paternal grandmother the mother should be wholly excluded from access to her son. The paternal grandmother should permit the petitioner, Della C. Kent, to visit her said son at such opportune times and for such length of time as do not conflict with his school attendance or his usual hours of retirement.

For the foregoing reasons, we now enter the following decree, based upon present conditions and without prejudice to the right of the mother to renew her application when she is able to produce evidence that there is no longer any danger of infection.

And now, November 30, 1931, the writ of habeas corpus is hereby dismissed, and it is ordered, adjudged and decreed that the said Fred P. Kent, Jr., be and shall remain in the custody of his paternal grandmother, Ida A. Kent; provided, however, that the said Della C. Kent shall have the right and privilege of visiting said Fred P. Kent, Jr., at the home of his said paternal grandmother at such opportune times and for such length of time as shall not conflict with his regular school attendance or his usual hours of retirement. This decree is made without prejudice to the right of the petitioner, Della C. Kent, to renew her application for a writ of habeas corpus in accordance with the suggestions and conditions hereinbefore expressed.

An exception is noted and bill sealed for the petitioner, Della C. Kent.

From C. M. Clement, Sunbury, Pa.